THE LAW OFFICES OF VINCENT MILETTI, ESQ.
Vincent Miletti, Esq.
*Attorney for The Plaintiff*
10 Halletts Point, Suite 1742
Astoria, New York 11102
609-353-6287 (Phone)
Vmiletti@milettilaw.com


UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IAN GALLOWAY,<br><br>                        Plaintiff,<br><br>  – against -<br><br>THE CITY OF WEST ORANGE TOWNSHIP; THE WEST ORANGE POLICE DEPARTMENT; THE OFFICE OF THE CITY CLERK, WEST ORANGE; OFFICER G. WILLIS, MR. JOSEPH WENZEL, ESQ.; JUDGE DENNIS DOWD, J.S.C. & ARTHUR J. BATISTA, J.S.C.,<br><br>                     Defendants, | Civil Action No.:<br><br>**VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff IAN GALLOWAY ("Galloway" or "Plaintiff") brings this Verified Complaint against THE CITY OF WEST ORANGE TOWNSHIP ("City of West Orange"); THE WEST ORANGE POLICE DEPARTMENT ("WOPD");  THE OFFICE OF THE CITY CLERK, WEST ORANGE ("City Clerk"); OFFICER G. WILLIS ("Willis"); MR. JOSEPH WENZEL, ESQ. ("Wenzel"); JUDGE DENNIS DOWD, J.S.C. ("Dowd") & ARTHUR J. BATISTA, J.S.C. ("Batista") (collectively, "Defendants"), and hereby alleges as follows:

### INTRODUCTION

1.    Before this honorable Court today is a civil rights action against employees and officials of the City of West Orange Township, particularly the West Orange Police Department,

for depriving the Plaintiff of his well-established constitutional, statutory and common law rights, and for conspiring to so deprive plaintiff of such rights.

2.    Unfortunately, Plaintiff is just another victim of the West Orange Police Departments pattern and practice of invidious race discrimination in how they engage in day-to-day operations, selective law enforcement, and their resolve in continuing the campaign of discriminatory practices from the moment they stop a victim, to the moment they dispose of a case.

3.    Plaintiff, Ian Galloway, is a resident of New York, a law-abiding citizen, a family man and hard worker, who on the day in question was dropping his daughter home after celebrating his 50th birthday with her, and unfortunately got swept up in the whirlwind of invidious discrimination by the West Orange Police Department.

4.    By subjecting the Plaintiff to racial profiling, which was the pretext for the stop in question, wrongfully detaining the Plaintiff, forcing him to make numerous trips to New Jersey to defend his interest, malicious and frivolous prosecution, and taking over 2 years to conclude a case that should have never existed, all of which are a violation of his Fourth, Fifth, Eighth, Ninth and Fourteenth Amendment right under the United States Constitution, under Article One, Paragraphs One, Seven, and Twenty-One of the New Jersey Constitution, and under 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1988, to just name a few.

5.    This action is brought under the authority of the Constitution of the United States, the Constitution of the State of New Jersey, as well as other State and Federal statutes, laws, code, ordinances and regulations, including but not limited to 42 United States Code §§ 1981, 1983, and 1985, and 1988.

6.    Plaintiff seeks judgment for damages, both compensatory and punitive, costs, interest, attorney's fees, and such other relief as may be proper and just.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1988 for a deprivation of the Plaintiff, Mr. Ian Galloway's, rights as secured by the 4th & 14th Amendment of the United States Constitution.

8.      Pursuant to 28 U.S.C. § 1332(a), the amount in controversy, exclusive of costs and interest, is in excess of $75,000.

9.      Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(a)(3) and 1343(a)(4), which provides for original jurisdiction in the Court for all suits brought pursuant to 42 U.S.C. §1983.

10.      Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because the cause of action rises under the Constitution and Laws of the United States.

11.      The supplemental jurisdiction of the District Court is invoked pursuant to 28 U.S.C. §1367 for inter-related state law claims which arise from the occurrences giving rise to the Federal claims, and which have a common nucleus of operative facts.

12.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**ADMINISTRATIVE PROCEDURES & REQUIREMENTS**

13.      Prior to the filing of this Complaint, on or about December 19, 2022, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the Plaintiff's behalf on the Defendants. The New Jersey Department of the Treasury, Bureau of Risk Management, Tort & Contract Unit, located in Trenton, New Jersey, received and acknowledged the Notice of Claim on December 19, 2022, and assigned Claim No. 2022LE031159. See ***Exhibit A*** Re Notice of Claim.

14.    Defendants City of West Orange, WOPD, and the City Clerk are public corporations established by the Legislature pursuant to NJS 27:25-1, and as such are public entities within the ambit of the New Jersey Tort Claims Act, NJS 59:1-1, et seq.

15.    Individual Defendants Willis, Wenzel, Dowd, and Batista ("Individual Defendants") are believed to be employees of the Defendant public corporations, who at all times relevant hereto were acting within the scope of their employment, and as such, are considered public employees within the ambit of the New Jersey Tort Claims Act, NJS 59:1-1 et seq.

16.    Defendants refused or neglected for more than ninety (90) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

17.    That pursuant to N.J.S.A. §59:8-8, as this claim concerns injuries and damages to persons, it was provided within 90 days of the final determination underlying this action.

18.    In accordance with N.J.S.A. §59:8-8, this action is being commenced within 6 months from the date of receipt of the Notice of Claim, or within the time allowed by law.

19.    Plaintiff has complied with any and all other prerequisites to filing this action.

## PARTIES

20.    Plaintiff, Mr. Ian Galloway, is an African American male, over 50 years of age, employed as an electrician, a citizen of the United States, a resident of Kings County, New York and enjoys a clean record, with no blemishes.

21.    That at all times relevant hereto, Defendant City of West Orange is a municipal corporation organized and existing as such under and by the virtue of the laws of the State of Jersey.

22.    That at all times relevant hereto, Defendant WOPD is a municipal corporation organized and existing as such under and by the virtue of the laws of the State of Jersey, County of West Orange.

23.    That at all times relevant hereto, Defendant City Clerk is a municipal corporation organized and existing as such under and by the virtue of the laws of the State of Jersey, County of West Orange.

24.    Defendant Willis is an employee of Defendant WOPD, holding the position of Officer, and is believed to be a resident of New Jersey, and at all relevant times, we believe he has met the definition of an "employee" of the Defendant, acting in his capacity as an officer of West Orange Police Department, under all applicable statutes.

25.    To the best of our knowledge and belief, Defendant Wenzel is an employee of Defendant City of West Orange, Department of Law, holding the position of prosecutor, and is believed to be a resident of New Jersey, and at all relevant times, we believe he has met the definition of an "employee" of the Defendant, acting in his capacity as a public prosecutor, under all applicable statutes.

26.    To the best of our knowledge and belief, Defendant Dowd is an employee of Defendant City of West Orange, Department of Law, holding the position of magistrate or administrative law judge, and is believed to be a resident of New Jersey.  At all relevant times, we believe he has met the definition of an "employee" of the Defendant, acting in his capacity as a magistrate or administrative law judge, under all applicable statutes.

27.    To the best of our knowledge and belief, Defendant Batista is an employee of Defendant City of West Orange, Department of Law, holding the position of magistrate or administrative law judge, and is believed to be a resident of New Jersey.  At all relevant times, we

believe he has met the definition of an "employee" of the Defendant, acting in his capacity as a magistrate or administrative law judge, under all applicable statutes.

## SUMMARY OF FACTS

### i.   The December 28, 2019 Incident

28.    Plaintiff, Ian Galloway ("Galloway" or "Plaintiff"), is an African American male, over 50 years of age, and a citizen of the United States of America.  Mr. Galloway currently resides in Kings County, Brooklyn, New York.

29.    Plaintiff is employed as an electrician with the Local 3 Union.  Mr. Galloway is a model, law-abiding citizen, and who enjoys a clean record, with no blemishes. Mr. Galloway is a hardworking individual, respects his peers, participates in the community, and most importantly respects the law. Galloway's dedication to being an outstanding citizen and respecting the law is readily exemplified by his clean record and devotion to his job and family.

30.    On or about December 28, 2019 ("Incident"), Mr. Galloway was taking his daughter home in West Orange, New Jersey, who has been a resident of West Orange for over 15 years.

31.    Over the years of visiting his daughter, Galloway became very familiar with the area. Being a trained electrician, Galloway memorized all the routes, roads, and traffic signals of his daughter's neighborhood in West Orange, similar to how Galloway memorizes electrical routes and patterns for electrical terminals necessary to safely conduct his job.

32.    On or about December 28, 2019, the date of the Incident, while taking his daughter home, Mr. Galloway was stopped by Officer G. Willis ("Willis") of the West Orange Police Department.

33.    Officer Willis, now profiling Mr. Galloway as an African American male with out-of-state plates, driving through his patrol area, decided to pounce on the opportunity to harass Mr. Galloway.

34.    Officer Willis began investigating and interrogating Mr. Galloway.  Mr. Galloway inquired as to why he was being pulled over. When asked about the reason for him being stopped, Officer Willis refused to answer.

35.    As an African American male in today's society, particularly in the County of West Orange, with a history of invidious race discrimination and stereotyping, Mr. Galloway was reluctant to surrender his license to Officer Willis.  Mr. Galloway was particularly concerned as Willis did not provide any explanation for the traffic stop. After several attempts to get an explanation for why he was being pulled over with no explanation given, Mr. Galloway refused to relinquish his identification without the reason for traffic stop. Mr. Galloway then requested a supervisor to be called. Officer Willis then retreated to his vehicle and called for back-up, rather than a supervisor as requested by Mr. Galloway. Mr. Galloway's daughter was having a lot of anxiety and fear of what Officer Willis may do, started pleading with her dad to just comply, for her sake he did. Officer Willis, seemingly frustrated with Mr. Galloway demanding he justify his stop, and to give validation for his harassment, simply issued Mr. Galloway, two erroneous summonses, one for improper plates in violation of N.J.S.A. § 39:3-33 and one for failing to stop at a stop sign in violation of N.J.S.A. § 39:4-144.

36.    The "alleged" violation of improper display of plates in violation of N.J.S.A. § 39:3-33 is erroneous because Mr. Galloway's vehicle was registered in the state of Connecticut and this statue does not apply to Mr. Galloways vehicle as well as there were no obstructions of Mr. Galloway's plate.

37. The "alleged" violation of failing to stop at a stop sign was issued for the intersection of Kingsley Ave and Swain Street, in which there is no traffic stop sign at that intersection in direction Mr. Galloway was traveling. Thus, making this claim false as well.

38. The only inclination to stop Galloway was that he was an African American Male with out-of-state license plates and Officer Willis's claim that he failed to stop at a stop sign is a fictitious claim to avoid his charge of invidious race discrimination.

39. Mr. Galloway did not run any stop signs, nor did he violate any traffic or moving violations. The sole purpose for pulling Mr. Galloway over was predicated on racial profiling. As a result of the racial profiling, Mr. Galloway's rights were threatened and infringed upon the moment he was pulled over by Officer Willis.

40. Upon the departure of Officer Willis, Mr. Galloway immediately took pictures of his license plates and gave notice to appeal both alleged violations. Galloway was then given a trial date of January 28, 2020.

41. The following day, December 29, 2019, Mr. Galloway filed a complaint with the West Orange Police Department I.A.D., then returned to the scene and took additional pictures of intersection showing stop signs were not in the direction he was traveling.

42. Annexed hereto is a true and correct copy of the relative summons issued on that day. *Exhibit B*.

**ii. The January 28, 2020 Adjournment**

43. On January 28, 2020, Mr. Galloway showed up for trial with proof to exonerate himself of both erroneous violations (pictures of intersection showing no stop sign at intersection listed on summons, and pictures of his plates from the night of incident showing they were not

obstructed along with copy of the registration showing his vehicle did not fall under N.J.S.A. § 39:3-33 since it was not purchased or registered in the state of New Jersey).

44.    Mr. Galloway then submitted his evidence to prosecutor Wenzel to vindicate the allege charges. Wenzel then instructed Mr. Galloway that he would review it with Judge Dowd and get back to him with a decision.

45.    Shortly afterwards prosecutor Wenzel told Mr. Galloway that Judge Dowd would instruct him in trial. Trial started with Mr. Galloway pleading not guilty. Judge Dowd despite clear evidence that exonerated Mr. Galloway of accusations, elected to adjourn the hearing until February 11, 2020 since officer Willis was not in attendance.

**iii.  The February 11, 2020 Hearing & The Continued Invidious Discrimination.**

46.    On or about February 11, 2020, Defendant was hauled again to the Court, again entered his plea [not guilty] and a trial was held. The trial was heard by Hon. Judge Dennis O. Dowd, J.M.C.

47.    At trial, Judge Dowd instructed Mr. Galloway to allow prosecutor Wenzel to present his case, then afterwards he would be allowed to cross any witnesses brought and testify himself if he decided to do so. Mr. Galloway complied despite objections to testimony given by Willis out of respect of Dowds orders.

48.    At trial, Officer Willis provided no evidence or testimony on the complaints listed on the violation as Kingsley Ave and Swain Street. No evidence was submitted on violation of improper plates. All the evidence Officer Willis presented at trial in testimony was based on the alleged violation committed on Kingsley Ave and Riggs Place in which Mr. Galloway was never issued a violation.

49.     The original complaint (See *Exhibit B*) addresses a violation on Kingsley Ave and Swain Place. No testimony was given by Officer Willis that the original citation was erred, and there were no amendments of complaints filed or served per N.J.S.A. R. 4:9-1.

50.     Under Rule 4:9-1, "[a] party may amend any pleading as a matter of course at any time before a responsive pleading is served." Any time after the responsive pleadings are filed, "a party may amend a pleading only by written consent of the adverse party or by leave of court[.]" R. 4:9-1. The Rule directs that the court's permission to amend "shall be freely given in the interest of justice." Ibid. If the amended complaint arises "out of the conduct, transaction, or occurrence set forth . . . in the original pleading, the amendment relates back to the date of the original pleading." R. 4:9-3. In such cases, the statute of limitations will not bar the amended claim.

51.     The decision to either allow or deny amended claims is a fact-sensitive one, and is subject to a trial judge's sound discretion. Fisher v. Yates, 270 N.J. Super. 458, 467 (App. Div. 1994); see also Kernan v. One Wash. Park Urban Renewal Assocs., 154 N.J. 437, 457 (1998). On appeal, we review simply to determine whether or not that discretion was abused, according to proper deference to the trial judge's day-to-day responsibilities for case management. Fisher, supra, 270 N.J. Super. at 467.

52.     There are no stop signs northbound on the intersection of Kingsley Ave and Swain Place. Mr. Galloway provided photographic evidence to the court for proof of such, however, Judge Dowd did not allow the photos to be submitted into evidence.

53.     There was no testimony that there was any error in original citation. There was no request on record to amend any violation.

54.     Despite no evidence or testimony submitted by Wenzel on record of original violations, and despite evidence previously viewed by Judge Dowd and Wenzel from Mr.

VERIFIED COMPLAINT    10

Galloway previously (which was not allowed into evidence by Judge Dowd).  Mr. Galloway was found guilty of failure to stop at a stop sign at the intersection of Kingsley Ave and Swaine Place, where no stop sign existed.

55.     On or about February 20, 2020, Mr. Galloway timely filed an appeal with the Municipal Court of Appeals to be held by the Hon. Arthur J. Batista J.S.C.

56.     On or about May 5, 2020, Judge Batista submitted his brief orders

57.     On or about May 6, 2020, Mr. Galloway submitted his brief arguing that trial Judge Dowd erred in several ways, those being; (1) Judge Dowd erred in his decision because no evidence or testimony was on record against the violation Mr. Galloway was found guilty of. (2) That as of date of trial there was no testimony on record that any errors existed with any violations, there were no motions filed or even a request for an amendment from either party on record, thus all evidence not dealing with violation should not have been allowed or considered. (3) Being that no motions were filed to make any changes to violations before trial, it was fundamentally unfair to force Mr. Galloway to defend against such during trial. (4) Judge Dowd based his decision largely on credibility of Officer Willis, when there were several inaccuracies with his testimony, whereas all testimony given from Mr. Galloway was undisputed. Willis's testimony was given credibility.  A copy of the Appeals Brief dated May 5, 2020 is annexed hereto as *Exhibit C.*

58.     On May 17, 2020, Prosecutor Stephen Pogany, failed to submit his response brief as ordered by Judge Batista to be filed by May 16, 2020. Stephen Pogany never submitted an opposition brief to Mr. Galloway's appeal brief.

59.     On or about May 21, 2020, an oral argument was held (via Zoom) before the Municipal Appeals Judge Arthur J. Batista. Mr. Galloway represented himself. The State of New

VERIFIED COMPLAINT   11

Jersey ("State') was represented by Assistant Essex County Prosecutor Stephen Pogany. The standard for review of a municipal appeal is *de novo*.

60.     In the beginning of oral argument Judge Batista asked prosecutor Stephen Pogany why he did not submit an opposition brief and Pogany responded because he was going to only argue with what was already on record.

61.     During the Zoom oral argument, Judge Batista corrected an error in Mr. Galloway's brief relating to a court rule used. The correction was that R. 4:9-1 was incorrect and the correct rule for amendments was R. 7:14-2.

62.     Near the conclusion of the Zoom oral argument, Judge Batista also solicited case law from prosecutor Pogany, despite no opposition brief being filed as well as agreement at beginning of trial that he was basing his case solely on the trial record.

63.     On or about May 29, 2020, the court ordered a judgment upholding trial judge Dowds ruling that Mr. Galloway was guilty of the alleged violation of failure to stop at a stop sign, N.J.S.A. 39:4-144.

64.     In Judge Batista's opinion letter, he stated that his decision was based on several case laws that he solicited from prosecutor Pogany. Judge Batista also based his ruling on Rule 7:14-2, but only applied the first half of the rule and did not apply the second half which states that Mr. Galloway was entitled to a adjournment..

65.     Rule 7:14-2. Amendment of Process or Pleading

The court may amend any process or pleading for any omission or defect therein or for any variance between the complaint and the evidence adduced at the trial, but no such amendment shall be permitted which charges a different substantive offense, other than a lesser included offense. *If the defendant is surprised as a result of such amendment, the*

*court shall adjourn the hearing to a future date, upon such terms as the court deems appropriate*.

**iv.  The Appeal Before the Appellate Division & Beyond.**

66.  On or about July 10, 2020, Mr. Galloway appealed Judge Batista's decision to the Appellate Court.

67.  On December 31, 2020, Mr. Galloway submitted his appeal brief to the Superior Court/Appellant Division Team 1. Appealing Judge Batista's ruling on the following basis: (1) Basing his ruling on R. 7:14-2 but not applying the full rule to Mr. Galloways case. (2) Since Prosecutor Pogany never submitted an opposition brief, Mr. Galloways appeal should have been ruled "*Prima Facie*" or face value of what was on record and no oral argument should have been allowed. (3) Judge Batista soliciting case law from Prosecutor Pogany who was arguing strictly on what was on the record. (4) Judge Batista erred in not weighing appeal on merits of complaint which was the proceedings of the trial judge and the evident failures of fair due process denied Mr. Galloway during trial.  A copy of the appeals brief is annexed hereto as ***Exhibit D***.

68.  On or about September 15, 2021, the Superior court issued its order for oral arguments before them on October 19, 2021

69.  On or about October 19, 2021, Mr. Galloway presented his oral arguments to the court. (1) No evidence or testimony was given at trial on record to make Mr. Galloway guilty of violation given. (2) Lower court summoned him to court to defend against allegations, then changed allegations during trial with no previous notice to Mr. Galloway, denying him the right to prepare a defense. (3) Mr. Galloway also challenged that if violation was amended by trial Judge, since there was no mention of errors or an amendment, on what grounds could judge amend a violation, and if it was legal to do so. (4) Mr. Galloway argued that the location of the infraction

is a *"Essential Fact"* that could not be amended under Rule 7:14-2. (5) He also argued that if Rule 7:14-2 was applied the whole Rule should have been applied and the trial judge erred in not adjourning hearing to give Mr. Galloway the ability to mount a defense on new allegations. (6) the appeals court erred in just reviewing his trial on evidence and not proper procedures and adherence to court rules, which is one of the responsibilities of the appeal court. (7) The appeal judge erred in not reviewing Mr. Galloway's case *"Prima Facie"*, since prosecutor did not submit an opposition brief, and judged the appeal unopposed since nothing in the appeal went against what was in the record. (8) appeal judge erred by soliciting case law from Prosecutor Pogany during oral argument when Prosecutor Pogany told Judge Dowd that the prosecutions whole defense was based solely on what was already on record. (9) Mr. Galloway also verbally challenged all arguments submitted in the oral argument submitted by prosecutor Pogany at trial, and used by Judge Battista in his decision.

70.     On or about November 29, 2021, the Appellate Division rendered a decision that it is undisputed that there was an error with the summons. Based on N.J.S.A. R. 7:14-2, the municipal court was required to adjourn the case because Mr. Galloway was not put on notice of the charges against him. The court reversed and remanded to the Municipal Court for further proceedings.

71.     From the date of the decision rendered by the Appellate Division in November 2021 through December 2022, there was no movement in this matter, and Mr. Galloway decided to take the next step and protect himself by going on the offensive. When Mr. Galloway contacted the Municipal Court to get a letter of disposition, so a suit may be filed, Mr. Galloway was informed that the case was suddenly "reopened" and set for trial on December 13, 2022.

72.     Mr. Galloway wanted to mount a defense and advance the interest in his rights heading to the hearing set for December 13, 2022.

73.     At the hearing on December 13, 2022, after canceling all his pre-existing appointments, losing money, losing opportunities, while all other cases where being held via Zoom, Mr. Galloway was summoned to physically appear in Court, Mr. Galloway was simply told that Prosecutor Pogany would no longer be pursuing the summons—and that this was it, the matter would be effectively closed.

**v.   Conclusion**

74.     After what is now over 3 years of hell and misery, anxiety and nervousness, dealing with the corrupt Court system in New Jersey, the prosecutor having failed no legal basis for a case against Mr. Galloway and now wanting to simply "*throw out the case.*"

75.     After racially profiling Mr. Galloway, after treating him with disregard based on his race and the color of his skin, how nice of the prosecutor to have other things to do, and dismiss this case, after he realized he wasn't able to make a show of Mr. Galloway as he had originally intended.

76.     After 3 years of ignoring due process, ignoring constitutional protections, and not upholding their Oath of the Office for the positions held by each, the Court system and prosecutor's office decided they were out of oppressive moves towards Mr. Galloway.

77.     Mr. Galloway is not interested in simply backing down and files this Complaint against the Defendants seeking compensation and remuneration for the egregious constitutional violations suffered by Mr. Galloway.

78.     From the double standards, the selective enforcement, the disregard of exculpatory evidence, the casual dismissal of procedural safeguards, the pointless and excessive objections, using the civil code as a sword to further their unconstitutional activity, the failure to provide procedural and substantive due process protections, the failure to protect his first amendment right

VERIFIED COMPLAINT   15

to oppose the unconstitutional behavior, and the effect to chill his free speech, to the improper judicial interference, excessive improper remarks from a hyper aggressive prosecutor, to the attempts at double jeopardy—Mr. Galloway wants all the justice and all the rights.

79.     As stated above, Mr. Galloway, an African American Male, was operating his vehicle, safely, properly and in compliance with the law.  Mr. Galloway was unfortunately racially profiled and was improperly pulled over for allegedly failing to stop at a stop sign, which was not the case.  Notwithstanding the fact that Officer Willis simply had no credible evidence to provide, or the fact that the municipal judge essentially moved mountains to try to build a case against Mr. Galloway, Mr. Galloway still suffered from an adverse verdict.  Even on appeal, while Mr. Galloway was only granted a remand, the grant of a remand was improper, and rather, it should have been an outright dismissal.

80.     This very warranted dismissal was ignored, and the case continued to be viciously litigated by the State, due to the invidious racial discrimination that African American males face with the West Orange Police Department, who has a history of racial discrimination.  Mr. Galloway just is another number in a long list of African American men who are victims of the oppressive practices of the West Orange Police Department.

81.     The fact is that Officer Willis pulled Mr. Galloway over because he saw an African American Male driving in his patrol area with out-of-state plates. Mr. Galloway stopped at every required street sign obeying the law, and he knew the area very well. Willis, saw an opportunity to harass an African American male and issue some citations for his quota. This has negatively affected Mr. Galloway greatly. Mr. Galloway now has to go through the court system to get this matter rectified, which will require a great deal of money and time.

**FIRST CAUSE OF ACTION**

**Race Discrimination in Violation of The New Jersey Law Against Discrimination (N.J.S.A. 10:5-12)**

82.     Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

83.     The above actions of defendants committed individually, jointly and conspiratorially as aiders and abettors of the West Orange Township's purpose of giving preferential treatment to white males in terms of enforcement and were in violation of N.J.S.A. 10:5-12(a), (c), (d), (e), (f). Defendant Township is a place of public accommodation which must provide all services, inclusive of protective services and the police power, without disparate treatment.  Defendants have engaged in a pattern and practice of invidious discrimination.

84.     Defendants actions amounted to a violation of NJLAD's policy of non-discriminatory and equal enforcement, which happened because of gender, race, color and national descent and origin (Ethnicity).

85.     Plaintiff, through his attorney submitted a notice of claim under Title 59, in December 2022, suggesting and requesting corrections be made to the treatment of African American males and requesting that a resolution be met between the parties.

86.     In response to the Notice of Claim, the various Defendants have simply ignored their obligations.  On or about March 22, 2023, the Supreme Court of New Jersey and Ethics Committee simply ignored the Complaint made against its Courts on grounds that they will not consider a grievance when there is pending or actual litigation.  On or about February 22, 2023, the State of New Jersey Department of Treasury declined any involvement.  These constituted acts of retaliation against plaintiff herein for his formal objections to his perceived discrimination.

87.    As a consequence, the Plaintiff has been harmed financially, mentally, forced to suffer the knowledge of differential treatment because their race, gender, national origin and objections to disparate treatment for invidious reasons.

88.    Plaintiff has been distressed also by the apparent hostile environment and his being forced to observe non-African Americans receive favorable treatment.

89.    The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**Race Discrimination in violation of 42 U.S.C. § 1981, § 1982, § 1983, § 1985, § 1986 and the U.S. Constitution, 1st, 5th, 7th & 14th Amendments**

90.    Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

91.    Defendants' have customs and policies under color of state law that give preferential treatment to white males to the detriment of others including females, foreign nationals and those of color.

92.    Each individually named defendant aided and abetted each other and Defendant Township and conspired in violation of their authority as ranking officers to give preferential treatment to one group as opposed to another.

93.    The defendants' said preferential treatment was in violation of the following:

a.    14th Amendment which requires procedural due process, substantive due process, equal protection, right to free speech without fear of retaliation.

VERIFIED COMPLAINT    18

b. Right to free access to courts to grieve and complain as protected by the 1st Amendment, 5th Amendment, 7th Amendment.

94. As a consequence of defendants' actions, plaintiff was harmed and damaged as aforesaid by defendants' acts which violated 42 USCA 1981, 1982, 1983, 1985, 1986.

95. The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### Casting Plaintiff in a False Light in violation of Article I., Para. 7 of the New Jersey Constitution

96. Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

97. Defendants acts of preferential treatment to non-African American citizens have cast Plaintiff in a false light as he is now perceived as someone with a history of issues with law enforcement, and as a result, is treated less favorably than those without a similar history with law enforcement.

98. Same infuriates plaintiff to observe and know that non-African American citizens are given preferential treatment over those with the same social status as Plaintiff, which forever will cause Plaintiff to suffer from a feeling of inferiority, hostility and subordination over his non-African American counterparts.

99. Said inferior status is the result of the intentionally invidious race discrimination suffered by the Plaintiff and will continue to cause the Plaintiff to feel a false sense of inferiority, that he is less of a citizen than other similarly situated non-African American citizens.

VERIFIED COMPLAINT   19

100.    Same also constitutes a violation of Article 1, paragraph 1, 7 and Article VII of N.J. Constitution.

101.    The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

### FOURTH CAUSE OF ACTION

**Misconduct in Office in violation of N.J.S.A. 2C:30-2 & Article I, Para. 7 of the New Jersey Constitution**

102.    Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

103.    Defendants' said actions in discrimination dealing with the public's money, improperly have violated the public trust that they have vowed to serve and with purpose to obtain a benefit for another and to deprive another of a benefit, have committed acts relating to their office but constituting an unauthorized exercise of their official functions, knowing that such an act is unauthorized in violation of 2C:30-2a. Thusly they also engaged in criminal conduct prohibited by the laws of the State of New Jersey.

104.    As a consequence, plaintiff was harmed as stated herein, and so was the public. Same also constituted a violation on the New Jersey's Constitution, Article I, Paragraphs 1, 5 and Article VII.

105.    The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**

**A violation of the N.J. Constitution Art. I, Para. 1; Enjoyment of Liberty and Property**

106. Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

107. The above-described conduct by defendants violated the right of plaintiffs to be free deprivation of liberty, property, safety and happiness under Article I, paragraph 1, of the New Jersey Constitution.

108. The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**

**A violation of the N.J. Constitution Art. I, Para. 7; Right to Be Secure in One's Person and Home**

109. Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

110. The above-described conduct by defendants violated the right of plaintiffs to be secure in their persons, houses, papers and effects from unreasonable searches and seizures under Article I, paragraph 7 of the New Jersey Constitution.

111. The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### A violation of the N.J. Constitution Art. I, Para. 7; Infliction of Cruel and Unusual Punishments

112.    Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

113.    The above-described conduct by defendants violated the right of plaintiffs to be secure in their persons, houses papers and effects from unreasonable searches and seizures under Article I, paragraph 7 of the New Jersey Constitution.

114.    The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

### A violation of the N.J. Constitution Art. I, Para. 21; Rights Retained by People

115.    Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

116.    The above-described conduct by defendants violated the right of plaintiffs to be free from impairment or denial of other rights retained by the people under Article I., paragraph 21 of the New Jersey Constitution.

117.    The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## NINTH CAUSE OF ACTION

### Malicious Prosecution

118.   Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

119.   In the course of performing their ministerial, operation, and non-discretionary job responsibilities, defendants instituted improper proceedings against Mr. Galloway without probable cause and with legal malice, and the proceedings terminated in favor of Mr. Galloway.

120.   The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## TENTH CAUSE OF ACTION

### Negligence

121.   Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

122.   In the course of performing their ministerial, operational, and non-discretionary job responsibilities, defendants breached their obligation and duty to exercise appropriate care to protect plaintiffs from undue harm.

123.   As a result of defendants' actions and negligence, plaintiff suffered severe and extreme damage and harm.

124.   The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference

to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## ELEVENTH CAUSE OF ACTION

### Negligent Training and Supervision

125.    Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

126.    While in the course of performing their ministerial, operation, and non-discretionary job responsibilities, defendants were negligent in failing to adequately train and supervise their employees and subordinates.

127.    Defendants' negligent failure to train and supervise was done in bad faith.

128.    The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## TWELFTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

129.    Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

130.    In the course of performing their ministerial, operational, and non-discretionary job responsibilities, defendants negligently engaged in inappropriate conduct causing emotional distress to plaintiff.

131.    As a result of defendants' negligence, plaintiff experienced severe and extreme emotional distress that had a physical impact upon plaintiff.

132.    The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## THIRTEENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

133.    Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

134.    In the course of performing their ministerial, operation, and non-discretionary job responsibilities, defendants engaged in extreme or outrageous conduct with the intention of, and with reckless disregard for, causing emotional distress to plaintiff.

135.    As a result of defendants' negligence, plaintiff experienced severe and extreme emotional distress that had a physical impact upon plaintiff alleged herein.

136.    The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## FOURTEENTH CAUSE OF ACTION

### Respondeat Superior through Negligence of Employees

137.    Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

138.    Defendants the State of New Jersey, Department of Law and Public Safety, Division of State Police, the Township of West Orange, and the Township of West Orange

Department are liable to plaintiffs for the acts of their employees formed within the scope of such employees' employment.

139.    The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## FIFTEENTH CAUSE OF ACTION

### Defamation

140.    Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

141.    Defendants made foreseeably believable communications to others concerning plaintiff, which communications were false in fact, and which injured and damaged the reputation and standing of plaintiffs in the community and which proximately caused severe pecuniary and economic loss.

142.    The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## SIXTEENTH CAUSE OF ACTION

### Presentation of False Information

143.    Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

144. Defendants have made material statements under oath or equivalent affirmation, which were false and which they did not believe to be true.

145. The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## SEVENTEENTH CAUSE OF ACTION

**A violation of the taking's clause of the 5th Amendment, in violation of 42 U.S.C. § 1983**

146. Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

147. The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. Const. Amend. V.

148. The Takings Clause bars government actors "from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States*, 364 U.S. 40, 49 (1960).

149. The aforesaid action, particularly the money and fees incurred by the Plaintiff on behalf of his own self-defense, as well as the costs associated with the improper citations and violations constitute a property interest of the Plaintiff.

150. The arbitrary, capricious and unlawful acts by the Defendants herein, constitution an appropriation of the personal property of the Plaintiff.

151. The arbitrary, capricious and unlawful seizure by Defendants herein of the monies paid so that the Plaintiff could defend himself and preserve his constitutional rights, otherwise the failure to return the same, constitute an appropriation of the personal property of the Plaintiff.

152. The arbitrary and capricious acts of the Individual Defendants to use the power of law enforcement to engage in the improper discriminatory acts have resulted in the unlawful seizure of Plaintiff monies and otherwise the appropriation of the Plaintiff's property rights and interest in money essentially confiscated.

153. As such, the Defendants herein have seized without compensation the property of the Plaintiff.

154. The aforesaid uncompensated seizures violate the Takings Clause of the Fifth Amendment, made applicable to States through the Fourteenth Amendment, and also violate well established notions of Substantive and Procedural Due Process.

155. The Defendants acted under color of state law.

156. The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## EIGHTEENTH CAUSE OF ACTION

**Retaliation in violation of the 1st Amendment, in violation of 42 U.S.C. § 1983**

157. Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

158. Plaintiff contends that (1) by defending himself from the invidious discriminatory treatment and charges all of which were taken against the Plaintiff due to his race and national origin, that he engaged in a protected activity; (2) that the Defendants responded with retaliation, specifically by way of manufacturing claims, denying other constitutional rights, and the other

wrongful acts as expressly stated herein; and (3) that the protected activity was the cause of the retaliation. See *Anderson v. Davila*, 125 F.3d 148, 161, 37 V.I. 496 (3d Cir. 1997).

159.   Additionally, the Plaintiff contends that the improper and discriminatory acts, lead to an equally improper and discriminatory investigation, which was ultimately led to a decision to charge the Plaintiff.   As specified above, there was an absence of probable cause for the prosecution. *Hartman v. Moore*, 547 U.S. 250, 265-66, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006); Miller v. Mitchell, 598 F.3d 139, 154 (3d Cir. 2010).

160.   As such, the Defendants have retaliated against the Plaintiff.

161.   The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## NINTEENTH CAUSE OF ACTION

**A violation of the double jeopardy clause of the 5th Amendment, in violation of 42 U.S.C. § 1983**

162.   Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

163.   The 5th Amendment states that in relevant part that no person shall ... be subject for the same offence to be twice put in jeopardy of life or limb. The Clause focuses on whether successive prosecutions are for the same offence—and if they are, this triggers the prohibition.

164.   Plaintiff was forced to defend himself on two separate occasions for the same alleged offence.   Notwithstanding the fact that those charges were brought about based on the defendant's invidious discrimination and therefore were improper, the fact that they were pursued

was a 5th amendment violation in of itself. See *Meleika v Fed. Govt.*, 2022 US Dist LEXIS 111279, at *8-9 [2022])

165.     The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## TWENTIETH CAUSE OF ACTION

**A failure to disclosure exculpatory evidence in violation of the 4th and 14th Amendment, in violation of 42 U.S.C. §1983**

166.     Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

167.     Defendants deprived Plaintiff of his right to a fair trial and due process by deliberately and improperly fabricating false inculpatory evidence by way of officer statements and documentation; fabricating false evidence to support the coerced and false statements; suppressing exculpatory evidence that would have contradicted the false statements and instead followed through with the unlawful prosecution of the Plaintiff. Defendants then concealed the misconduct of fabricating and suppressing evidence throughout the hearing and proceeding, which resulted in an adverse verdict that had to be appealed.

168.     Defendants intentionally or recklessly and in bad faith suppressed exculpatory statements and material that they knew would tend to show Plaintiff was not in violation of any statutes or regulations.

169.     Had Defendants' fabrications and the suppressed material, exculpatory, and impeachment evidence been known to the Plaintiff, been documented, and/or disclosed to a judge who wasn't partial toward the Defendants, Plaintiff would have tended to prove his innocence,

cast doubt on the entire prosecution, and impeached critical trial testimony. The exculpatory and impeachment evidence withheld by Defendants undermined confidence in the courtroom against the Plaintiff, and the concealment of this evidence deprived Plaintiff of a fair proceeding.

170.    The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## TWENTY FIRST CAUSE OF ACTION

### Violation of the equal protection clause, pursuant to the 4th and 14th amendment, in violation of 42 U.S.C. § 1983

171.    Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

172.    To state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983, the plaintiff must establish: (1) the existence of purposeful discrimination; and (2) the defendant's personal involvement in this discrimination. *Moore v. Solanco Sch. Dist.*, 471 F. Supp. 3d 640, 660 (E.D. Pa. 2020). Plaintiffs pursuing an equal protection claim must allege that they were purposefully discriminated against, in that "they received different treatment from that received by other individuals similarly situated." Shuman ex rel. *Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (emphasis in original).

173.    In this instance, each of the aforementioned elements are readily met—(i) there was the existence of purposeful discrimination by the Defendants, particularly the officers, (ii) the defendants were personally involved in the invidious discriminatory treatment of the Plaintiff, and (iii) Plaintiffs believes they were treated differently than other non-African American individuals similarly situated.

VERIFIED COMPLAINT   31

174. The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## TWENTY SECOND CAUSE OF ACTION

### Violation of the 6th amendment, unreasonable delay and a violation of the Plaintiff's right to a speedy trial, in violation of 42 U.S.C. § 1983

175. Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

176. To determine whether or not there was the Defendants violated the Plaintiffs 6th Amendment right to a speedy trial, the court must consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant.

177. In this instance, the fact that the Plaintiff had to wait 2 years before he was able to address his defense and get this matter deposed, for no reason other than the States intentional delay to further retaliate against the Plaintiff, to further treat him in a disparate fashion for attempting to protect his own rights, causing him substantial prejudice as he suffered from excessive fees, costs, and his in person commitment and obligations to the Court and the process.

178. The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## TWENTY THIRD CAUSE OF ACTION

**Unlawful and malicious prosecution under the color of state law in violation of 42 U.S.C. § 1983**

179.    Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

180.    To establish a claim under 42 U.S.C.S. § 1983, a plaintiff must demonstrate that the defendant, acting under color of state law, deprived him of some right secured by the Constitution or laws of the United States. These elements are: 1) defendant initiates a proceeding that results in a detriment to the Plaintiff, 2) which ends in plaintiff's favor, 3) which was initiated without probable cause, 4) and defendant acts for a purpose other than bringing the plaintiff to justice. Malicious prosecution is actionable under § 1983.

181.    In this instance, the Plaintiff suffered from an improper proceeding which was only initiated as a result of invidious race discrimination, the proceeding resulted in Plaintiffs favor, but only after 2 years of substantial expenses and litigation, the proceedings were initiated without probable cause, and without any actual real violations committed by the Plaintiff, and once this was disclosed, the Defendants furthered their discriminatory actions against the Plaintiff not for justice, but rather, to further discriminate against him.

182.    The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

**TWENTY FOURTH CAUSE OF ACTION**

**Declaratory relief pursuant to 28 U.S.C. §2201, finding liability under 42 U.S.C. §1983 & 42 U.S.C. §1988**

183.    Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

184.    Plaintiff contends that as a consequence of the invidious discriminatory treatment he received, Plaintiff is entitled to a declaratory judgment declaring that (a) the actions taken against the Plaintiff were improper, invalid, without just cause, without due process and without probable cause, (b) that the actions taken against the Plaintiff were merely grounded in invidious race discrimination against African Americans, (c) that the actions taken against the Plaintiff in retaliation were taken to further the discriminatory treatment of the Plaintiff, and that (d) the Defendants are responsible for the loss of the Plaintiffs liberty and due process interest, responsible for the Plaintiff's loss of money and time, of person and property, and that the Defendants are required to compensate Plaintiff for his loss, plus interest, costs, disbursements and allowances of this action.

185.    But for this action, Plaintiff has no other adequate remedy at law.

186.    The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

### TWENTY FIFTH CAUSE OF ACTION

**The deprivation of property without due process of law and deprivation by unreasonable seizure by way of the 4th and 14th Amendment, in violation of 42 U.S.C. § 1983**

187.    Plaintiff incorporates all facts stated hereinabove. Additionally, all defendants operated with invidious discriminatory intent.

188.    In order to prevail on a 14th Amendment due process claim under 42 U.S.C.S. § 1983, a plaintiff must allege and prove all of the following: (1) that he was deprived of a protected

liberty or property interest; (2) that this deprivation was without due process; (3) that a defendant subjected the plaintiff or caused the plaintiff to be subjected to, this deprivation without due process; (4) that the defendant was acting under color of state law; and (5) that the plaintiff suffered injury as a result of the deprivation without due process.

189.    In this instance, (1) the Plaintiff was deprived of a protected liberty or property interest namely, his person (as he was hauled to Court on numerous occasions for no reason and detained) and his money (for his excessive and improper fees spent); (2) the deprivation was without due process of law, and was predicated on malicious prosecution and invidious discrimination; (3) the defendant subjected the plaintiff or caused the plaintiff to be subjected to, this deprivation without due process; (4) while acting under color of state law; and (5) as a result, the Plaintiff suffered injury and damages. See *Lynch v. Borough of Ambler*, 1996 U.S. Dist. LEXIS 7183 (1996).

190.    The acts of the Defendants amounting to unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights for which Plaintiff is entitled to an award of damages, monetary judgment against Defendants individually, jointly and severally, punitive damages, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

(a) Declaratory relief that the Plaintiff shall be free from the constitutional violations committed by the Defendants;

(b) an award of damages, whether nominal or actual, pursuant to 42 U.S.C. § 1983;

(c) an award of damages for emotional distress and mental anguish,

(d) an award for the costs of prosecuting this action, together with attorney's fees and costs pursuant to 42 U.S.C. § 1988,

(e) damages for loss of quality and/or enjoyment of life,

(f) compensatory damages, and

(g) an award for punitive damages in such other amount as the jury may determine is sufficient to punish defendants for and deter others from committing the constitutional violations alleged herein;

(h) an award for plaintiff's costs, expenses, and reasonable attorney's fees pursuant to, inter alia, 42 U.S.C.A. § 1988 and other federal and state laws;

(i) any other relief to which the Plaintiff is entitled to by way of case law and statute because of egregious constitutional violations suffered by the Plaintiff.

(j) grant such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully Submitted,

Dated:   Astoria, New York
         June 30, 2023

**VINCENT MILETTI, ESQ.**

Vincent Miletti, Esq.
The Law Firm of Vincent Miletti, Esq.
10 Halletts Point, Suite 1742
Astoria, New York 11102
609-353-6287 (Phone)
609-554-7927 (Fax)
Vmiletti@milettilaw.com
*Attorney for The Plaintiff*

To:   Unknown at this time
      *Attorney to be noticed*

VERIFIED COMPLAINT   36

## VERIFICATION

STATE OF NEW YORK   )
                           ) SS
COUNTY OF Kings     )

MR. IAN GALLOWAY, hereby attests, affirms, verifies, deposes, and says that he is the Plaintiff in this matter, that he has read the foregoing Complaint and that he believes that the facts set forth therein are true and correct to the best of his knowledge, information, and belief. Mr. Ian Galloway's knowledge or information and belief, is based on personal knowledge of the facts of this case.

_____
MR. IAN GALLOWAY

Sworn to me, the undersigned, on

this 30th day of June 2023.

_____
NOTARY PUBLIC

MAURENA L. HOLDER
Notary Public, State of New York
No. 01HO5082541
Qualified in Kings County
Certificate Filed in New York County
Commission Expires July 28, 2025

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Case Management / Electronic Case Filing (CM/ECF) system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). An electronic copy of the foregoing was sent via CM/ECF to all parties. Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

_____

Vincent Miletti, Esq.