**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CHAMBERS OF**
**JAMEL K. SEMPER**
**UNITED STATES DISTRICT JUDGE**

**FRANK R. LAUTENBERG**
**POST OFFICE AND COURTHOUSE**
**NEWARK, NJ 07101**
**973-645-3493**

April 17, 2024

VIA ECF

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re: Galloway v. City of West Orange et al., Civil Action No. 23-03740**

Dear Litigants:

The current matter comes before the Court on a motion to dismiss filed by Defendants Township of West Orange (the "Township"), West Orange Police Department (the "WOPD"), Township Clerk (the "Clerk"), Police Officer G. Willis ("Officer Willis"), Joseph Wenzel, Esq. ("Mr. Wenzel"), and Chief Judge Dennis Dowd, J.M.C. ("Judge Dowd") (collectively the "Moving Defendants" or "Defendants").[1] (ECF 28.) Plaintiff Ian Galloway ("Plaintiff") opposed Defendants' motion. (ECF 31.) The Defendants filed a brief in reply.[2] (ECF 36.) The Court reviewed all the submissions in support and in opposition and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendants' motion is **GRANTED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND[3]

Plaintiff is an African American male, over the age of 50, and a resident of New York. (ECF 1, Compl. ¶¶ 3, 20.) Plaintiff alleges that Township employees and officials violated his constitutional rights by unlawfully engaging in racial discrimination against him stemming initially from the events of a routine traffic stop. (*Id.* ¶ 1.) On or about December 28, 2019, Plaintiff was stopped by Officer Willis of the WOPD for alleged moving violations. (*Id.* ¶¶ 32-35.) Plaintiff claims the traffic stop was improper, in part, because Officer Willis "profil[ed] and harass[ed]" Plaintiff due to his status as an "African American male with out-of-state plates." (*Id.* ¶ 33.) At the conclusion of the stop, Officer Willis issued two citations, one for failing to stop at a stop sign in violation of N.J. Stat. Ann. § 39:4-144, and the other for improper display/unclear plates in violation of N.J. Stat. Ann. § 39:3-33. (*Id.* ¶ 35.)

---

[1] Defendant Arthur Batista, J.S.C. ("Judge Batista"), does not join in the Moving Defendants' motion.

[2] Defendants' brief in support of their Motion to Dismiss (ECF 28) will be referred to as "Defs. MTD." Plaintiff's brief in opposition to the Defendants' motion (ECF 31) will be referred to as "Plf. Br." and the Defendants' reply brief (ECF 36) will be referred to as "Defs. Rep."

[3] The facts and procedural background are drawn from the Complaint ("Compl.") (ECF 1), Defs. MTD., Plf. Br., and Defs. Rep. The Court also relies on documents integral to or relied upon by the Complaint and the public record. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Beginning on or around January 28, 2020, Plaintiff contested the issued citations in West Orange Municipal Court with Judge Dowd. (ECF 1, Compl. ¶¶ 43-45.) Plaintiff submitted pictures related to the intersection of Kingsley and Swain, Plaintiff's license plate, and his registration (*Id.* ¶ 43.) Because Officer Willis was not in attendance to testify on January 28, Judge Dowd adjourned the trial until February 11, 2020. (*Id.* ¶ 45.) On February 11, Plaintiff entered a plea of not guilty and a trial was held with Judge Dowd presiding. (*Id.* ¶ 46.) At trial, Officer Willis testified the stop sign violation had occurred on the corner of Kingsley Street and Riggs Place, and not Kingsley Street and Swain Place.[4] (*Id.* ¶ 49.) Plaintiff alleges that despite no evidence or testimony submitted by Wenzel, Plaintiff was found guilty of failure to stop at a stop sign. (*Id.* ¶ 54.)

On February 20, 2020, Plaintiff timely appealed Judge Dowd's decision with Judge Batista of the Municipal Court of Appeals. (ECF 1, Compl. ¶¶ 55-65.) On May 29, 2020, Judge Batista upheld Judge Dowd's ruling that Plaintiff was guilty of the alleged violation of failure to stop at a stop sign. (*Id.* ¶ 63.) Thereafter, on July 10, 2020, Plaintiff appealed Judge Batista's decision to the New Jersey Appellate Division. (*Id.* ¶¶ 66-70.) On or about November 29, 2021, the Appellate Division found that under N.J. Stat. Ann. § 7:14-2, the Municipal Court was required to adjourn the case because Plaintiff was not put on notice of the charges against him after testimony regarding the error in the citation. (*Id.* ¶ 70.) The Appellate Division reversed and remanded to the Municipal Court for further proceedings. (*Id.*) In December 2022, the Municipal Court advised Plaintiff that a new trial date was set for December 13, 2022. (*Id.* ¶ 71.) On the day of the new trial, Prosecutor Wenzel informed Plaintiff that his case was dismissed. (*Id.*) On July 12, 2023, Plaintiff filed the instant lawsuit in federal court. (*See* ECF 1, Compl.)

## II. <u>MOTION TO DISMISS STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly

[4] Though the stop sign violation occurred on the corner of Kingsley Street and Riggs Place, Officer Willis mistakenly wrote on the ticket the corner of Kingsley Street and Swain Place, the next block from Riggs Place. *See State v. Galloway*, No. A-0273-20, 2021 N.J. Super. Unpub. LEXIS 2897, at *1-2 (N.J. Super. Ct. App. Div. Nov. 29, 2021).

pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## III. LEGAL ANALYSIS

Plaintiff's thirty-six-page Complaint asserts twenty-five causes of action against seven Defendants. (*See generally* ECF 1, Compl.) Throughout the entirety of the Complaint, Plaintiff collectively refers to "Defendants" without tethering specific allegations to any individual Defendant. Moving Defendants argue the Complaint must be dismissed because Plaintiff fails to plead sufficient facts demonstrating their respective individual involvement in the purported wrongdoing and contend Plaintiff's Complaint is a "shotgun pleading" as it fails to "specify[] which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." (Defs. MTD. at 9 (quoting *Hynson v. Chester*, Legal Dep't, 864 F.2d 1026, n. 13 (3d Cir. 1988)).)

Indeed, mere "conclusory allegations against defendants as a group" that "fail[] to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When several defendants are named in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." *Falat v. Cnty. of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (emphasis in original). A complaint that contains "impermissibly vague group pleading" will be dismissed. *Id.*

Here, Plaintiff falls short of the requirement that he plead specific facts as to each Defendant's involvement in the alleged wrongdoing(s).[5] While Plaintiff asserts a detailed factual recitation of the traffic stop, municipal trial, and subsequent appellate review; Plaintiff fails to adequately tether these factual allegations to the twenty-five separate causes of action.[6] As such, Plaintiff asserts no facts under which the Court could infer that the Township, the WOPD, the Clerk, Officer Willis, Mr. Wenzel, Judge Batista, or Judge Dowd engaged in improper conduct throughout the nearly three-year timeframe.[7] Indeed, the Complaint fails to specify the offenses of

---

[5] Plaintiff raises twenty-five separate causes of action in his Complaint. The Court will not address the merits of those causes of action at this time as the Court's analysis is limited to the Rule 8 pleading deficiencies.

[6] Count XIV of Plaintiff's Complaint asserts a "Respondeat Superior through Negligence" claim against the State of New Jersey, Department of Law and Public Safety, Division of State Police, the Township of West Orange, and the Township of West Orange Police Department. (ECF 1, Compl. ¶¶ 137-39.) Notably, the State of New Jersey, Department of Law and Public Safety, and Division of State Police are not named as Defendants in this case. However, to the extent Plaintiff brings this claim against the Township of West Orange and the West Orange Police Department, the doctrine of respondeat superior is inapplicable. In *Monell*, the Supreme Court held that local governments cannot be held liable under section 1983 on a theory of respondeat superior, they may instead be directly subject to section 1983 liability as a result of an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff fails to meet the applicable standard to state a vicarious liability claim against any of the individual defendants as is required by *Monell*.

[7] This Court cannot make up causes of action nor infer facts that are not present in Plaintiff's Complaint. *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 499 n.1 (3d Cir. 1997) ("Although a complaint's allegations are to be construed favorably to the pleader, we will not read causes of action into a complaint when they are not present.").

the Defendants, and instead, groups Defendants together as a unit of wrongdoers and makes general allegations against the group.

Accordingly, the Complaint deprives the Defendants of Rule 8's requisite notice of the claims against each Defendant. "Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants." *Shaw v. Hous. Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (citing *Pietrangelo v. NUI Corp.*, No. 04-3223, 2005 WL 1703200, at *10 (D.N.J. July 20, 2005)). "Courts in this district have dismissed complaints when the [complaints] contain improper 'group pleading.' This type of pleading fails to satisfy Rule 8 'because it does not place Defendants on notice of the claims against each of them.'" *Baldeo v. City of Paterson*, No. 18-5359, 2019 WL 277600, at *4 (D.N.J. Jan. 18, 2019) (quoting *Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015)). Therefore, Defendants' motion is granted on this basis, and the Complaint is dismissed in its entirety without prejudice.[8]

## IV. Conclusion

For the reasons stated above, the Defendant's motion to dismiss Plaintiff's Complaint (ECF 28), is **GRANTED.** Plaintiff's Complaint is dismissed without prejudice. An appropriate Order accompanies this opinion. Plaintiff may file an amended pleading that is consistent with this Opinion within thirty (30) days of the date of the Opinion and the accompanying Order.

***/s/ Jamel K. Semper***
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: James B. Clark, U.S.M.J.
Parties

[8] Allegations may be made upon information and belief, provided that they satisfy Federal Rule 11 and, if applicable, Federal Rule 9(b). *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267-68 (3d Cir. 2016) (acknowledging permissibility of pleading "upon information and belief" if sufficient facts are alleged to make the allegations plausible).